IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BUBBA MCLELLAND                                                                           PLAINTIFF

v.                              Case No. 4:17-cv-4007

RIDGE TOOL COMPANY,
d/b/a RIDGID                                                                              DEFENDANT

# ORDER

Before the Court is Defendant Ridge Tool Company's Motion to Exclude the Testimony of Plaintiff's Expert, Mr. Don R. Johnston. (ECF No. 34). Plaintiff Bubba McLelland filed a response. (ECF No. 46). Defendant filed a reply. (ECF No. 48). The Court finds the matter ripe for consideration.

## I. BACKGROUND

This products liability case arises from an accident that occurred in Lewisville, Arkansas, on February 15, 2014. Defendant manufactures the Ridgid K-750 Drain Cleaning Machine ("K-750"), a drum-style cleaning machine used by professionals for cleaning drain pipes. Plaintiff, a master plumber, alleges that while operating a K-750 to clear a clogged drain line in Lewisville, Arkansas, the cable broke without warning and struck him in the face, causing injuries and damages. Plaintiff asserts three strict product liability claims against Defendant: failure to warn, manufacturing defect, and design defect.

On October 24, 2017, Plaintiff disclosed Don R. Johnston as his liability expert. On February 13, 2018, Defendant took Mr. Johnston's deposition. In short, Mr. Johnston opines that Defendant was aware of the K-750's issue with breaking cables and that other models of drain cleaning machines manufactured by Defendant feature either a cable-control system to prevent breaks or audible and visual warning indicators to warn the operator of an impending break. (ECF

No. 35-1). Mr. Johnston states that Defendant could have prevented Plaintiff's injuries by implementing either of these alternative safety features on the K-750, but that it failed to do so.

On June 11, 2018, Defendant filed the instant motion. Defendant argues that the Court should exclude the testimony and opinions of Mr. Johnston on various grounds. Specifically, Defendant argues that Mr. Johnston is unqualified to serve as an expert witness in this case, that Mr. Johnston's methodology is unreliable and is not scientific, and that Mr. Johnston's opinions are so speculative that they would not assist the jury. Plaintiff opposes the motion.

## II. DISCUSSION

It is the duty of the Court to decide "any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). The Court's starting point for determining the admissibility of expert testimony is Federal Rule of Evidence 702, which provides a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal citations and quotations omitted). The United States Supreme Court has emphasized the district court's gatekeeper role when screening expert testimony for relevance and reliability. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591-93 (1993).

Expert testimony is inadmissible only if it is speculative, unsupported by sufficient facts, or contrary to the facts of the case. *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000). When analyzing an expert's testimony, the court must focus on the principles and methodology employed by the expert, and not on the conclusions generated by the expert. *Daubert*, 509 U.S. at 594. "Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th

Cir. 2006); *see also Polski v. Quigley Corp.*, 538 F.3d 836, 838 (8th Cir. 2008) ("Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony. The rule clearly is one of admissibility rather than exclusion."). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Bonner v. ISP Techs, Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001).

As discussed above, Defendant argues that the Court should exclude Mr. Johnston's opinions and testimony because he is unqualified to serve as an expert witness in this case, his methodology is unreliable and is not scientific, and his opinions are so speculative that they would not assist the jury. The Court will address each of these arguments in turn.

**A. Qualification to Serve as Expert**

Defendant argues that Mr. Johnston is unqualified to serve as an expert witness in this matter. Specifically, Defendant argues that Mr. Johnston does not possess the knowledge, skill, experience, training, or education required to testify as an expert under Federal Rule of Evidence 702 regarding the design or safety features of the K-750.

Plaintiff argues in response that Mr. Johnston is qualified to testify as an expert witness. Specifically, Plaintiff argues that Mr. Johnston's experience and education meet the standards for permitting him to testify as an expert. Plaintiff states that Mr. Johnston has a bachelor's degree in mechanical engineering; is a licensed professional engineer in Arkansas; and beginning at age twelve, worked with his father, a journeyman plumber, for six years doing drain lines for local businesses. Plaintiff argues further that Mr. Johnston taught courses in kinematics and machine design at Arkansas Tech University from 1972 until 1974, and, over the course of a lengthy work history, designed propulsion pumps for boats, worked in the construction business, and currently does expert witness work and design work, including designing plumbing systems. Plaintiff also argues that Mr. Johnston has been deposed more than one-hundred times. For these reasons,

3

Plaintiff argues that Plaintiff is qualified to testify as an expert witness.

The Court agrees with Defendant that Mr. Johnston is not qualified to serve as an expert on liability in this matter. Mr. Johnston possesses a degree in mechanical engineering and is a licensed professional engineer in Arkansas. He also has done construction and other design work over the course of many years. However, Plaintiff provides no evidence that Mr. Johnston is qualified to speak as an expert regarding the design of drain cleaning machines. Plaintiff argues that Mr. Johnston has designed plumbing systems in the past and worked for his father, who is plumber, during his teenage years. This, however, does not show that Mr. Johnston is sufficiently knowledgeable about designing drain cleaning machines.

Mr. Johnston has never designed drain cleaning machines or plumbing tools. He has never been published on the subject of drain cleaners. Moreover, Mr. Johnston testified in his deposition that, save for one instance twenty years ago in which he rented a drain cleaning machine and hired a plumber to operate it for him, he has no experience with drain cleaning machines. Crucially, he testified that he has no experience with the K-750, has never inspected an exemplary K-750 or attempted to reconstruct Plaintiff's accident, has no knowledge of any drain cleaning machines made by Defendant or any competitors, and has no knowledge of how cable-control systems or audio or visual warning signs work. Proposed expert witnesses with engineering backgrounds may be excluded when they exhibit complete unfamiliarity with the subject matter in question. *See Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (discussing exclusion of expert witness "[e]ven though some engineering principles can be applied universally," because the expert had never seen or operated the machine in question). In light of Mr. Johnston's admitted unfamiliarity with drain cleaning machines, the Court cannot find that Plaintiff has satisfied his burden of showing that Mr. Johnston is qualified. *See Menz v. New Holland N. Am., Inc.*, 507 F.3d 1107, 1114 (8th Cir. 2007) ("The proponent of the expert testimony bears the burden to prove its

admissibility."). Accordingly, the Court finds that Mr. Johnston is unqualified to serve as an expert witness in this matter and, thus, his opinions and testimony should be excluded. However, even assuming *arguendo* that Mr. Johnston was qualified, the Court finds that his testimony would still be excluded for the following reasons.

**B. Reliability and Relevance**

Defendant argues that, if Mr. Johnston is deemed qualified to testify as an expert witness, the Court should nonetheless exclude his testimony and opinions because they are unreliable. For this reason, Defendant argues that Mr. Johnston's testimony and opinions are too speculative to be relevant.

When assessing the reliability of expert testimony, *Daubert* suggests that the Court consider the following non-exhaustive factors: (1) whether the concept can and has been tested; (2) whether the concept has been subject to peer review; (3) what the known rate of error is; and (4) whether the concept is generally accepted by the relevant scientific community. *Pestel v. Vermeer Mfg. Co.*, 64 F.3d 382, 384 (8th Cir. 1995). "*Daubert*'s progeny provides additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case." *Lauzon*, 270 F.3d at 686-87. The inquiry is a flexible one designed to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

Defendant argues that Mr. Johnston's opinions do not satisfy any of the factors listed above. Specifically, Defendant argues that Mr. Johnston has not conducted any testing to support his opinions and that Mr. Johnston's opinions have not been subjected to peer-review and, thus,

5

he does not base his opinions on any reliable scientific principles and methods. For these reasons, Defendant argues that Mr. Johnston's opinions are unreliable.[1] Plaintiff does not appear to respond to this argument.

The Court agrees with Defendant. As the Court understands it, the crux of Mr. Johnston's opinion is that Defendant could have prevented the K-750's cable from breaking and injuring Plaintiff by implementing features found on certain other models of drain cleaning machines. This hypothesis is amenable to testing, but Mr. Johnston testified at his deposition that he had not conducted any testing to support his opinions. He did not test or examine any drain cleaning machine, including the K-750, while forming his opinions. He did not attempt to reconstruct the accident by breaking a cable on a K-750. He testified that he does not know how the "cable control systems" or the "audible and visual signals" found on certain of Defendant's other machines work. He did not cite to any studies or authorities to support his methods or conclusions. He did not subject his opinions to peer review because, in his own words, he is "egotistical" and did not want anyone "interrupting [his] thought chain." (ECF No. 47-1, p. 53).

Although expert testimony inherently involves some amount of educated guesswork, too much speculation is "fatal to admission." *Grp. Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 760 (8th Cir. 2003). The Court believes that physical testing was particularly important in this case, given Mr. Johnston's admitted unfamiliarity with drain cleaning machines, including the K-750. However, he did not perform any testing or apply reliable principles or methods in forming his opinion. Mr. Johnston accessed Defendant's website and noticed that Defendant made

---

[1] Defendant also argues that Mr. Johnston's opinions should be excluded because they are based on the erroneous fact that Plaintiff never had a cable break on any drain cleaning machine other than the K-750. Defendant argues that Plaintiff testified in his deposition that he had previously broken at least five cables while using other brands and models of drain cleaning machines. This argument falls short of warranting exclusion of Mr. Johnston's opinions because, generally, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005).

other models of drain cleaning machines with certain safety features that are not implemented on the K-750. Based on that observation, Mr. Johnston opines that these safety features would have prevented Plaintiff's injuries if they had been implemented on the K-750. Despite this, he admits that he does not know how these safety features work, but he assumes the features are effective because "if [Defendant is] doing something like that, it probably works or they wouldn't be advertising it." (ECF No. 47-1, p. 50).

Mr. Johnston's opinion that alternative safety features could have prevented Plaintiff's injuries has no scientific basis, and instead is mere speculation and conjecture. The Court finds that Mr. Johnston's untested opinions, without more, are "so fundamentally unsupported that [they] can offer no assistance to the jury." *Bonner*, 259 F.3d at 929-30; *see also Perry v. Ethicon, Inc.*, No. 4:05-cv-567-GH, 2006 WL 4939798, at *2 (E.D. Ark. Nov. 27, 2006) ("An expert must show that his or her safety modifications work."). Accordingly, the Court finds that Mr. Johnston's opinions are unreliable, and as such, his expert opinions and testimony must be excluded.

### III. CONCLUSION

For the reasons discussed above, the Court finds that Defendant's Motion to Exclude the Testimony of Plaintiff's Expert, Mr. Don R. Johnston (ECF No. 34) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 13th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

7