IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BUBBA MCLELLAND                                                        PLAINTIFF


v.                                        Case No. 4:17-cv-4007


RIDGE TOOL COMPANY,
d/b/a RIDGID                                                           DEFENDANT

## ORDER

Before the Court is Defendant Ridge Tool Company's Motion for Costs.  (ECF No. 56).

Plaintiff Bubba McLelland has responded to the motion.  (ECF No. 59).  Defendant has replied.

(ECF No. 61).  The Court finds the matter ripe for consideration.

## I.  DISCUSSION

As the prevailing party in this action,[1] Defendant asserts that it is entitled to costs in the

amount of $8,299.65.  Specifically, Defendant seeks $6,844.15 in deposition costs; $870.00 in

witness fees and expenses; $451.50 in costs relating to copying paper documents; and $125.00 in

fees for service of a deposition subpoena.

Courts should award costs other than attorneys' fees to the prevailing party in a lawsuit,

unless an express provision regarding costs is made by federal statue or court rule.  Fed. R. Civ. P.

54(d)(1).  Generally, courts are limited to shifting costs incurred by the prevailing party in six

statutorily defined categories, which include:  fees paid to the clerk of court, fees paid for

necessarily obtained transcripts, fees for printing and witnesses, fees for exemplification and

necessarily obtained photocopies, certain docket fees, and expenses incurred for interpretation

---

[1] On August 13, 2018, the Court granted Defendant's summary judgment motion and entered judgment dismissing this action.  A party who prevails on summary judgment may be entitled to costs as a prevailing party.  *See In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005).

services. 28 U.S.C. § 1920. Costs falling outside the statutory framework must typically be borne by the party incurring them. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442-43 (1987). "Rule 54(d) presumes an award of costs to the prevailing party; however, district courts have substantial discretion in awarding costs." *Id.*; *see also Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) ("We do not read [Rule 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny.").

The Court must first address Plaintiff's argument that the instant motion should be denied in its entirety due to the economic disparity between the parties. If the Court finds that argument unavailing, the Court will then separately address Defendant's claimed costs related to depositions, witness fees, photocopies, and service of process.

**A. Economic Disparity Between Parties**

Plaintiff argues that the Court should exercise its discretion to deny all costs sought by Defendant. Specifically, Plaintiff argues that a sizable economic disparity exists between himself, an individual operating a one-man plumbing business in south Arkansas, and Defendant, a wholly owned subsidiary of a multinational corporation reporting a net income of $1.55 billion for fiscal year 2017. Plaintiff also states that he has incurred medical expenses totaling $64,877.43 because of the injuries that were at issue in this case, and that he paid $4,000.00 to engage an expert witness. Plaintiff states further that he has permanent damage to his left eye and, as a result, has experienced a decline in income which will likely continue.

Defendant argues in response that, although a court may consider a losing party's inability to pay costs, the losing party must provide sufficient evidence to establish that inability, which Plaintiff has not done. Defendant also argues that other courts have held that a disparity in wealth

2

between the parties is not, by itself, a sufficient ground to deny costs. Defendant argues further the equities in this case favor assessing costs against Plaintiff because he persisted in pursuing this case despite having early notice of the deficiencies in his claims.

Courts may consider a losing party's limited financial resources when determining whether to assess costs. *See Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "However, unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them." *Lloyd v. Del-Jen, Inc.*, No. 4:06-cv-1546 GTE, 2007 WL 3408274, at *2 (E.D. Ark. Nov. 15, 2007) (internal quotation marks omitted). A losing party who raises a general objection to an award of costs as inequitable bears the burden of demonstrating such inequity. *Finan v. Good Earth Tools, Inc.*, No. 4:06-cv-878CAS, 2008 WL 1805639, at *9 (E.D. Mo. Apr. 21, 2008), *aff'd*, 565 F.3d 1076 (8th Cir. 2009) (citing *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002)). Moreover, courts within the Eighth Circuit have indicated a reluctance to deny costs altogether simply based on an economic disparity between the parties. *See, e.g.*, *Radmer v. OS Salesco, Inc.*, No. CV 15-3177 ADM/BRT, 2017 WL 1157095, at *1 (D. Minn. Mar. 27, 2017) (holding that an economic disparity between parties does not overcome the presumption that the prevailing party is entitled to recover costs); *Fields v. Shelter Mut. Ins. Co.*, No. 4:05-cv-1924 GTE, 2007 WL 1702512, at *2 (E.D. Ark. June 11, 2007), *as amended* (June 12, 2007) (rejecting the losing party's argument that costs should not be awarded to the prevailing party because of a wide economic disparity between the parties); *Wal-Mart Stores, Inc. v. Crist*, 123 F.R.D. 590, 595 (W.D. Ark. 1988) (opining that, by itself, an economic disparity between parties is insufficient to deny costs but, when coupled with other factors, could suffice).

Upon consideration, the Court finds that Plaintiff has not sufficiently demonstrated cause to outright deny Defendant's request for costs. As the party asserting a general "inequities" objection, Plaintiff bears the burden of sufficiently demonstrating the inequities. *See Finan*, 2008

WL 1805639, at *9. Although Plaintiff offers evidence of his medical bills and his expert witness fees, he does not offer evidence of his current finances to show that he is unable to pay costs. Additionally, he does not argue that he is indigent or unable to pay costs; his arguments are only that he has incurred medical bills and expenses throughout this suit and that his income has decreased. Thus, the Court finds that Plaintiff has not sufficiently demonstrated inequities warranting outright denial of costs. The Court also finds that the economic disparity between Plaintiff and Defendant is not an independently sufficient reason to deny costs outright. The Court will, however, keep Plaintiff's economic condition in mind throughout the remainder of this Order.

**B. Deposition Costs**

Defendant seeks $6,844.15 in costs related to four depositions that were taken in this case. Specifically, Defendant seeks $2,445.90 for taking the deposition of Plaintiff's expert, Don Johnston. Plaintiff also seeks $4,398.25 for taking the depositions of Plaintiff, Mindy McLelland, and Shane Richards.

Courts may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Transcription fees and other costs related to depositions may be awarded if the deposition was "necessarily obtained for use in a case and was not purely investigative," even if the deposition was not used at trial. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (citation omitted); *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995) (affirming an award of deposition transcript costs when the district court relied on the deposition transcripts in ruling on a summary judgment motion). Moreover, a deposition transcript may be taxable as costs even if it is not actually used as evidence on a successful motion if the deposition "reasonably seemed necessary at the time [it] was taken." *Zotos*, 121 F.3d at 363.

4

In its motion for summary judgment, Defendant cited to and discussed transcripts from the depositions of Don Johnston and Plaintiff. Moreover, the Court relied on each of those deposition transcripts in granting Defendant's summary judgment motion. Accordingly, the Court finds that the transcripts from the depositions of Mr. Johnston and Plaintiff were necessarily obtained for use in this case and, thus, Defendant is entitled to recover costs related to those depositions. *See Bathke*, 64 F.3d at 347.

It does not appear that Defendant cited or otherwise used the transcripts from the depositions of Mindy McLelland and Shane Richards in a motion. Thus, the question before the Court becomes whether those depositions seemed necessary at the time they were taken. Defendant argues that they were necessary because Mindy McLelland and Shane Richards were the only witnesses at the site of the incident when Plaintiff suffered the injuries that were at issue in this case. The Court agrees and finds that Defendant reasonably believed at the time that taking the depositions of Mindy McLelland and Shane Richards was necessary to verify or controvert Plaintiff's allegations for use in a dispositive motion or at trial. Thus, the Court finds that Defendant is entitled to recover costs related to those transcripts. *See Nat'l Ben. Programs, Inc. v. Express Scripts, Inc.*, No. 4:10CV00907 AGF, 2012 WL 2326071, at *2 (E.D. Mo. June 19, 2012); *Lloyd*, 2007 WL 3408274, at *3.

In sum, the Court finds that Defendant is entitled to recover deposition costs in the amount of $6,844.15.

**C. Witness Fees**

Defendant seeks $879.00 in costs related to witness fees. Specifically, Defendant seeks $40.00 in attendance fees paid to Plaintiff's expert witness, Don Johnston, for his one-day deposition. Defendant also seeks $39.00 in mileage costs paid to Mr. Johnston pursuant to the

General Services Administration's travel rate of "$0.55 per mile." Defendant further seeks

$800.00, which was paid to Mr. Johnston as his customary deposition fee.

"Fees and disbursements for . . . witnesses" are contemplated by statute as recoverable

costs. 28 U.S.C. § 1920. The witness fee specified in section 1920 includes "an attendance fee of

$40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time

necessarily occupied in going to and returning from the place of attendance at the beginning and

end of such attendance or at any time during such attendance." 28 U.S.C. § 1921(b). Thus, the

Court finds that Defendant is entitled to recover $40.00 paid to Mr. Johnston as an attendance fee.

"A travel allowance equal to the mileage allowance which the Administrator of General

Services has prescribed . . . shall be paid to each witness who travels by privately owned vehicle."

28 U.S.C. 1821(c)(2). Thus, the Court also finds that Defendant is entitled to recover mileage

costs paid to Mr. Johnston. However, the Court must reduce the amount requested by Defendant.

Defendant's bill of costs indicates that Mr. Johnston traveled 70 miles and requests $39.00 in

mileage costs, calculated using the General Services Administration's rate of "$0.55 per mile."

However, as of January 1, 2018, the General Services Administration's mileage rate changed to

$0.545 per mile. *See Privately Owned Vehicle (POV) Mileage Reimbursement Rates*, Gen.

Services Admin., https://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates-

etc/privately-owned-vehicle-pov-mileage-reimbursement-rates (last updated August 22, 2018).

Seventy miles traveled at a rate of $0.545 per mile yields a mileage cost of $38.15. Accordingly,

the Court will award Defendant a mileage cost of $38.15.

It is well established that absent statutory authority to the contrary, expert witness fees are

limited to the $40.00 per day witness fee permitted by 28 U.S.C. § 1821. *Arlington Cent. Sch.*

*Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 300-02 (2006); *Crawford Fitting Co. v. J.T. Gibbons,*

*Inc.*, 482 U.S. 437, 440-45 (1987).[2] Defendant has not pointed the Court to any statutory authority allowing it to recover the $800.00 deposition fee it paid to Mr. Johnston, and the Court is unaware of any such authority. Therefore, the Court finds that it cannot award expert witness fees in an amount that exceeds the $40.00 per day limit (plus travel mileage) that was awarded above. *See Magelky v. BNSF Ry. Co.*, No. 1:06-CV-025, 2008 WL 2949260, at *2 (D.N.D. July 28, 2008) (declining to award expert witness fees exceeding the statutory limit set forth in 28 U.S.C. § 1821). Accordingly, the Court, in its discretion, declines to award to Defendant $800.00 in costs paid to Mr. Johnston as his customary deposition fee.

In sum, the Court finds that Defendant is entitled to recover witness fees in the amount of $40.00 for Mr. Johnston's witness fee and $38.15 for Mr. Johnston's mileage, for a total of $78.15.

### D. Photocopy Costs

Defendant seeks $451.50 in costs related to photocopies. In support of this request, Defendant provides the Court with a table listing eleven photocopy batches, the date of each batch, the cost of each, and the number of pages copied per batch.

Expenses for photocopies "necessarily obtained for use in the case" are recoverable by the prevailing party as costs. 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). "Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request." *Finan*, 2008 WL 1805639, at *11. "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp.*, 309 F.3d at 498.

---

[2] The Court notes that older Eighth Circuit caselaw exists providing for the full recovery of expert witness fees when the testimony was crucial to the resolution of the case. *See, e.g.*, *Nemmers v. City of Dubuque*, 764 F.2d 502, 506 (8th Cir. 1985). However, this authority predates the United States Supreme Court's 1987 pronouncement in *Crawford Fitting Co.* that a prevailing party's recovery of expert witness fees cannot exceed the statutory limit. Accordingly, the Court is bound by *Crawford Fitting Co.*'s holding.

Upon consideration, the Court declines to award Defendant its claimed photocopy costs. Defendant seeks costs incurred by photocopying 4,515 pages over the course of eleven separate photocopy batches. However, other than stating that these photocopies were "necessary for use in the case," Defendant has provided the Court with no information from which it can determine whether the photocopies were, in fact, necessarily obtained. The table provided by Defendant provides no description of the photocopy batches for which Defendant seeks costs, instead generically labeling them all as "Doc Reproduction – Black&White." (ECF No. 57, p. 5). Although Defendant correctly points out that photocopies need not be provided to the Court or given to opposing counsel to be considered "necessarily obtained" for use in a case, *see id.*, the Court cannot meaningfully evaluate Defendant's request for photocopy costs without some level of detail regarding what the photocopied documents were and/or how they were used. Defendant has provided no such information and, thus, the Court cannot determine whether Defendant's 4,515 photocopied pages were necessarily obtained for use in this case. *See Finan*, 2008 WL 1805639, at *11 (denying an award of "inadequately documented" photocopy costs). Accordingly, the Court, in its discretion, declines to award Defendant $451.50 in photocopy costs.

**E. Subpoena Service Costs**

Defendant seeks $125.00 in costs incurred by hiring Action Process Service to serve a subpoena for deposition on Plaintiff's expert witness, Don Johnston. (ECF No. 58, p. 5). Without citing to authority, Defendant states that it is entitled to recover the costs of this service.

Upon consideration, the Court declines to award this claimed cost. 28 U.S.C. § 1920 contains no provision for recovery of costs related to the use of a special process server. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Thus, a prevailing party cannot recover costs incurred by hiring a private process server. *See id.*; *Mountain Mktg. Grp., LLC v. Heimerl & Lammers, LLC*, No. 14-CV-846 (SRN/BRT), 2016 WL 424964, at *1 (D. Minn. Feb. 3, 2016). In

this case, Defendant incurred the claimed service cost by hiring a private process server to serve a deposition subpoena on a witness. Because a prevailing party cannot recover costs related to hiring a private process server, the Court, in its discretion, declines to award Defendant $125.00 in subpoena service costs.

## II.  CONCLUSION

For the reasons discussed above, the Court finds that Defendant's Motion for Costs (ECF No. 56) should be and hereby is **GRANTED IN PART AND DENIED IN PART**.  Accordingly, the Court, in its discretion under Rule 54(d), awards Defendant costs of $6,922.30 related to deposition costs and witness fees.[3]

**IT IS SO ORDERED**, this 4th day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] Should Plaintiff demonstrate that he is unable to pay the full amount of costs at one time, "it is the Court's belief that the parties involved can come to an independent arrangement for repayment of the costs over a reasonable amount of time."  *Bright v. Evonik Cyro, LLC*, No. 3:11-cv-0180 SWW, 2013 WL 3772517, at *1 (E.D. Ark. July 18, 2013).